UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ALAIN NEFTALI CENICEROS GALVAN,

Petitioner,

v.

PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Facility,

Respondents.

Case No.: 3:26-cv-05931-LEK-MMP

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before this Court is Petitioner Alain Neftali Ceniceros Galvan's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on October 17, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Patrick Divver, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS"); DHS; Todd Blanche, U.S. Attorney General; Executive

Office for Immigration Review; and Christopher J. Larose, Warden of Otay Mesa Detention Facility (collectively "Respondents"), filed a response to the Petition ("Response") on October 26, 2026. [Dkt. no. 4.] Petitioner did not file a reply or a traverse.

Petitioner, a native and citizen of Mexico, entered the United States on December 3, 2023 and applied for admission. See Petition, Exh. B (DHS Notice to Appear, DHS Form I-862, dated 12/3/23 ("Form I-862")) at 1; see also Response, Exh. 1 at PgID.29 (pg. 1 of DHS Record of Deportable/Inadmissible Alien, Form I-213, dated 9/23/26 ("Form I-213")).[1] Petitioner was issued a Form I-94 and granted parole into the United States until December 3, 2025. See Petition at pg. 2; id., Exh. A (screenshot of U.S. Customs and Border Protection website, with information regarding Petitioner's Most Recent I-94).

On July 12, 2026, Petitioner was arrested in Kansas by the Dodge City Police Department and charged with kidnapping, domestic battery, and criminal restraint. See Response, Exh. 2 (report, dated 10/16/26, FBI Number R81CNLLNC) at PgID.35. The charges were dropped. See id. at PgID.35-36; see also Response at 2. On September 23, 2026, Petitioner was released from the Ford County Jail in Dodge County, Kansas to ICE Enforcement and Removal Operations custody. See Response, Exh. 1 at PgID.31 (second pg. 2 of Form I-213). As of the filing of the Petition, Petitioner was detained at the Otay Mesa Detention Center. See Petition at pg. 2. Petitioner alleges he is entitled to, *inter alia*, immediate release or, in the alternative, an individualized bond hearing with certain procedural safeguards. See id. at pg. 9.

---

[1] In the Petition, Petitioner claims to be a Venezuelan national. See Petition at pg. 2. This assertion appears to be an inadvertent misstatement, as evidenced by Petitioner's own exhibits. See id., Exh. B (Form I-862) at 1; id., Exh. A (screenshot of U.S. Customs and Border Protection website, with information regarding Petitioner's Most Recent I-94).

Respondents "acknowledge[] that Petitioner is subject to detention under 8 U.S.C. § 1226(a)." [Response at 2.] Thus, "Respondents do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." [Id.]

Petitioner did not respond to Respondents' non-opposition to his request for a bond hearing. Accordingly, Petitioner's request for an individualized bond hearing is granted. This Court also makes the following orders regarding the bond hearing:

-the hearing must be held within seven days after the filing of this order;[2]

-the hearing must be before a fair, neutral, and open-minded immigration judge;

-the immigration judge must provide Petitioner's counsel with adequate notice of the date and time of Petitioner's bond hearing, *i.e.* no less than twenty-four hours prior to the hearing;

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-the immigration judge shall consider whether alternatives to detention are appropriate and, if a bond is considered, the immigration judge shall consider Petitioner's ability to pay;

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community and the

---

[2] This Court denies Respondents' request to allow Petitioner's individualized bond hearing to be held within fourteen days after the filing of this order. See Response at 2 n.2. Petitioner's interest in an expeditious remedy for the violation of his statutory rights outweighs the general concerns cited by Respondents. If there is a **case-specific** reason why Petitioner's individualized bond hearing cannot be held within seven days, Respondents may file a motion to extend the deadline. Respondents' motion must, at a minimum, establish the reason why an extension is necessary through a declaration or other supporting documents.

Respondents must make the audio of the hearing available to Petitioner's counsel; and

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to this Court for appropriate sanctions.

Petitioner has also requested that this Court order Respondents to "provide Petitioner's counsel with advance written notice of their position in advance of any bond hearing." [Petition at pg. 9.] Respondents are ORDERED to provide Petitioner's counsel with sufficient written notice, *i.e.*, **no less than forty-eight hours after the filing of the instant Order**, concerning whether they support, oppose, or take no position as to Petitioner's request for release on bond.

## CONCLUSION

For the foregoing reasons, Petitioner Alain Neftali Ceniceros Galvan's Petition for Writ of Habeas Corpus, filed October 17, 2026, is GRANTED. Respondents are ORDERED to provide Petitioner with an individualized bond hearing consistent with the terms of this order by **November 20, 2026**.

The Clerk's Office is DIRECTED to enter judgment and close this case on **November 27, 2026** unless Petitioner files a notice informing this Court that Respondents failed to comply with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 13, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**<u>ALAIN NEFTALI CENICEROS GALVAN VS. PATRICK DIVVER ET AL.</u>; CASE NO. 3:26-CV-05931-LEK-MMP; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**